--------------------------------------------------------------------------------

FROM: 27328058
TO:
SUBJECT: Supplement to Docket Entry #8
DATE: 05/04/2018 12:34:17 PM

RECEIVED
CHARLOTTE, NC

MAY 10 2018

Clerk, US District Court
Western District of NC

United States District Court
For the Western District of North Carolina - Charlotte Division
Civil No.: 3:17-cv-00556-RJC
(3:12-cr-00068-RJC-DCS-1

Jonathan Davey,
Petitioner

vs.

United States

Supplement to Petitioner's Reply Brief (Docket Entry #8)

COMES NOW, Jonathan Davey, Petitioner, with a supplement to his reply brief filed on February 5, 2018 because he has uncovered another Brady Rule violation.

The United States Attorney's Office would have known that a subpoena (see attachment) by the Securities & Exchange Commission (SEC) dated June 10, 2009 was served on CommunityOne Bank requesting information on the Black Diamond Capital Solutions account. This was exculpatory, material evidence that should have been disclosed to Davey's trial attorney.

Divine Circulation Services continued to receive redemption requests from Simmons through June 2009 - even though Simmons had stated to Davey in February 2009 that he was looking at alternate investments. All redemption requests were wired by CommunityOne Bank from the Black Diamond account. Obviously Black Diamond was NOT insolvent at the time and the unabated redemptions from Community One Bank to Divine Circulation Services provided a reasonable basis for Davey's continued belief in the legitimacy of the investment earnings listed on Simmons' Black Diamond Monthly Statements.

If the prosecutors had turned over the subpoena request that CommunityOne Bank had received from the SEC, Davey's trial counsel would have investigated what the bank knew. At trial Davey could have presented evidence that CommunityOne Bank was the true co-conspirator and that Davey was duped by the prompt processing of redemption requests through June 2009 by Simmons and CommunityOne Bank.

Therefore, this is an additional Brady Rule violation because the exculpatory, material evidence of the SEC's subpoena was not disclosed to Davey's trial counsel. Instead, this SEC subpoena was just recently obtained through a Freedom of Information Act request.

Respectfully Submitted on: ___5/7/18___

Jonathan Davey pro se
Reg.#: 27328-058
FCI Elkton Ohio
PO Box 10
Lisbon, OH 44432

Attachments: Securities & Exchange Commission subpoena to CommunityOne Bank dated June 10, 2009

TRULINCS 27328058 - DAVEY, JONATHAN D - Unit: ELK-C-B

--------------------------------------------------------------------------------

### *** CERTIFICATE OF SERVICE ***

_____

Jonathan Davey, on this day ~~May 7 2018~~ did place this Supplement Brief in the prison mailing system, postage prepaid, for delivery to the following address:

US District Court
401 W. Trade Street
Clerk of Courts, Room 210
Charlotte, NC 28202

Jonathan Davey, pro se

Attachment - 5 pages



UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
BURNETT PLAZA, SUITE 1900
801 CHERRY STREET, UNIT #18
FORT WORTH, TEXAS 76102-6882
PHONE: (817) 978-3821     FAX: (817) 978-2700

IN REPLYING
PLEASE QUOTE
FW-3367

June 10, 2009

***Via Federal Express***

Communityone Bank
c/o (b)(6),(b)(7)(C)
1500 Renaissance Plaza
230 North Elm Street
Greensboro, North Carolina 27401

Re:     *In the Matter of MexBank a/k/a MexGroup*
        [FW-03367]

Dear (b)(6),(b)(7)(C)

The enclosed subpoena has been issued pursuant to a formal order entered by the United States Securities and Exchange Commission. The subpoena requires Communityone Bank to appear, through its designee or custodian of records, for testimony and to produce documents.

Please note that the subpoena does not call for the production of any "financial records," or information contained in such records, maintained by Communityone Bank in relation to an account in the name of any "customer" as those terms are defined in the Right to Financial Privacy Act of 1978 [12 U.S.C. 3401-22] (the "RFPA"), and no such record or information is to be produced in response to this subpoena. The only exception to the foregoing is the requirement to produce account identifying information in accordance with Section 1113(g) of the RFPA [12 U.S.C. 3413(g)]. Accordingly, I enclose a certificate of compliance with applicable provisions of the RFPA.

Testimony will not be required at the time stated in the subpoena if the materials are produced at or before that time. I will inform you at a later date if testimony is required. Please send the documents required by the subpoena to:

(b)(6),(b)(7)(C)
801 Cherry Street, Suite 1900
Fort Worth, Texas 76102
Facsimile (817) 978-2700

This inquiry is confidential and should not be construed as an indication by the Commission or its staff that any violation of the law has occurred, nor as a reflection upon any person, entity, or security. If you have questions concerning this matter, please contact (b)(6),(b)(7)(C) (b)(6),(b)(7)(C) at (b)(6),(b)(7)(C)

Very truly yours,

(b)(6),(b)(7)(C)

Division of Enforcement

Enclosures:

    SEC Form 1662
    Subpoena Duces Tecum
    Certificate of Compliance



## SUBPOENA

# UNITED STATES OF AMERICA
## SECURITIES AND EXCHANGE COMMISSION

In the Matter of MexGroup a/k/a MexBank [FW-03367]

To: Communityone Bank
c/o (b)(6),(b)(7)(C)
1500 Renaissance Plaza
230 North Elm Street
Greensboro, North Carolina 27401

☒ **YOU MUST PRODUCE** everything specified in the Attachment to this subpoena to officers of the Securities and Exchange Commission, at the place, date and time specified below.

**801 Cherry Street, Suite 1900, Fort Worth, Texas 76102 on Wednesday, June 24, 2009 by 5:00 p.m.**

☐ **YOU MUST TESTIFY** before officers of the Securities and Exchange Commission, at the place, date and time specified below.

**FEDERAL LAW REQUIRES YOU TO COMPLY WITH THIS SUBPOENA.**
Failure to comply may subject you to a fine and/or imprisonment.

By: (b)(6),(b)(7)(C)

Date: June 10, 2009

U. S. Securities and Exchange Commission
801 Cherry Street, 19ᵗʰ Floor
Fort Worth, TX 76102
(b)(6),(b)(7)(C)

I am an officer of the Securities and Exchange Commission authorized to issue subpoenas in this matter. The Securities and Exchange Commission has issued a formal order authorizing this investigation under [Section 20(a) of the Securities Act of 1933 and Section 21(a) of the Securities Exchange Act of 1934.]

NOTICE TO WITNESS:   If you claim a witness fee or mileage, submit this subpoena with the claim voucher.

## ATTACHMENT TO SUBPOENA

For all accounts styled **Black Diamond Capital Solutions, LLC** (or any name derivation thereof), for the period January 1, 2008 through to the present (the "Relevant Period"):

1.  Bank items, including but not limited to all account statements, canceled checks (front and back) in the amount of $5000 or more, drafts of all manner, cashier's checks, certified checks, electronic fund transfer notices, wire transfer notices (both incoming and outgoing), wire transfer instructions (including authorizations, memoranda, and confirmations), deposit slips and items (including supporting documentation), debit and credit notices and forms, money orders, and withdrawal notices (including cash withdrawals);

2.  Account opening and authority information, including but not limited to, new account applications, including attachments or exhibits, corporate or partnership resolutions, and signature cards, regardless of when created, prepared, received, or otherwise obtained; and

3.  All contact reports and similar documents reflecting communications relating to **Black Diamond Capital Solutions, LLC** (or any name derivation thereof) or the accounts thereof, during the Relevant Period.

Provided, however, that there shall not be produced in response to this subpoena any original of, copy of, or information known to have been derived from any record maintained by **Communityone Bank** in relation to an account in the name of a "customer," other than **Black Diamond Capital Solutions, LLC** (or any name derivation thereof). The term "customer" is limited to any individual, sole proprietorship, or partnership of five or fewer individuals, or authorized representative of that individual, sole proprietorship, or partnership, who utilized or is utilizing any service of **Communityone Bank**, or for whom **Communityone Bank** is acting or has acted as a fiduciary, in relation to an account maintained in such individual's, sole proprietorship's, or partnership's name. The term "customer" does not include (i) any trust or corporation; (ii) any partnership that has more than five members or that has as a member any trust or corporation; (iii) any person that holds an account jointly with any person whose records are otherwise called for by this subpoena; nor (iv) any other person, with respect to any records (including cashier's checks, money orders and documents maintained in relation to the issuance thereof) not maintained in relation to an account in the name of that person.

Case 3:17-cv-00556-RJC   Document 9   Filed 05/10/18   Page 6 of 7

# UNITED STATES SECURITIES AND EXCHANGE COMMISSION

## CERTIFICATE OF COMPLIANCE
## WITH THE RIGHT TO FINANCIAL PRIVACY ACT OF 1978

TO:    Communityone Bank
       c/o (b)(6),(b)(7)(C)
       1500 Renaissance Plaza
       230 North Elm Street
       Greensboro, North Carolina 27401

RE:    Subpoena, dated June 10, 2009, *In the Matter of MexGroup a/k/a MexBank*
       [FW-03367]

I certify that the Securities and Exchange Commission has complied with applicable provisions of the Right to Financial Privacy Act of 1978, 12 U.S.C. 3401-22 as to its subpoena.

Section 1117(c) of the Right to Financial Privacy Act of 1978 [12 U.S.C. 3417(c)] provides as follows:

> Any financial institution or agent or employee thereof making a disclosure of financial records pursuant to this title in good-faith reliance upon a certificate by any Government authority . . . shall not be liable to the customer for such disclosure under this title, the constitution of any State, or any law or regulation of any State or any political subdivision of any State.

Very truly yours,

(b)(6),(b)(7)(C)

Division of Enforcement

Dated: June 10, 2009