TRULINCS 27328058 - DAVEY, JONATHAN D - Unit: ELK-C-B

RECEIVED
Charlotte, NC
NOV 27 2018
Clerk, US District Court
Western District NC

----------------------------------------------------------------------------

FROM: 27328058
TO:
SUBJECT: Supplement to Docket Entry on 2/6/18 & 5/10/18
DATE: 11/17/2018 12:29:28 PM

UNITED STATES DISTRICT COURT
For the Western District of North Carolina - Charlotte Division
Civil No.: 3:17-cv-00556-RJC
(3:12-cr-00068-RJC-DSC-1)

| | |
|---|---|
| Jonathan Davey, Petitioner | |
| vs | |
| United States | |

Petitioner Supplement to Reply brief on February 6, 2018 and Supplement on May 10, 2018

Jonathan Davey has moved to vacate, correct, or set aside his sentence pursuant to 28 USC 2255, asserting claims of ineffective assistance of counsel and prosecutorial misconduct.

Davey is supplementing his Rely brief in this instant motion because he has uncovered further evidence of prosecutorial misconduct. Petitioner also asks for a hearing on the issues presented below.

See the attached criminal case cover sheet (Case: 3:11-cr-00122-RJC-DCS, Document 1-1) from US vs CommunityOne Bank. The victim/witness coordinators (VWC) are clearly identified. Also note that the case is related to US vs Franklin Simmons (Case: 3:10-cr-00023-RJC).

None of the victims in the Simmons' ponzi scheme case ever received any correspondence from the VWC office identified on CommunityOne's criminal cover sheet concerning the Deferred Prosecution Agreement (DPA) entered into between CommunityOne and the United States. One of the victims in the Simmons' case was Mission to Military (MTM). Petitioner Jonathan Davey's father, Keith Davey, was the President and Founder of the MTM organization and on the Board of Directors. MTM never received any correspondence from the VWCs, Shirley Rutledge or Ulicia Kennedy, regarding the DPA. Keith Davey was also an individual victim of Simmons' scheme and he did not receive correspondence about the DPA from the VWCs. See attached Exhibit G (ECF #82 from Yale vs CommunityOne Bank at pages 8-9, Declaration of Keith Davey).

This was blatant prosecutorial misconduct by Assistant US Attorney Kurt W. Meyer to deliberately withhold any mention of CommunityOne's culpability from all the victims in the related Simmons' fraud case. See attached Exhibit G (additional victim declarations, pages 1-14). This was no mere accidental oversight. CommunityOne would not have been bailed out by private investors if there were private suits initiated by any victims/plaintiffs. Instead Meyers packaged the resolution of CommunityOne's liability as a Bank Secrecy Act (BSA) violation shielding private causes of actions based on the BSA violation. He then entered into the DPA with CommunityOne and CommunityOne was fined. All the while Meyers never notified the VWC.

If victims MTM, Keith Davey, or Safe Harbor Christian Foundation (of which petitioner was President, Founder, and Board of Directors member) had received notice from the VWC office, petitioner Davey would have had a different strategy at trial. This deliberate act by US Attorney Meyer deprived petitioner of a fair trial.

Additionally, from the attached criminal cover sheet of US vs Davey, Toft, Sloat, and Murphy (Case: 3:12-cr-00068-RJC), please note that at the bottom of the page Meyer states that Davey's case is related to Salazar (Case: 3:10-cr-00244-RJC). In point of fact Davey's case had nothing to do with Salazar. There was not even an email or any evidence at Davey's trial linking Davey to Salazar. Davey's case was directly related to US vs Simmons and US vs CommunityOne Bank. The DPA was entered into the US vs CommunityOne Bank docket on April 27, 2011. Davey's criminal cover sheet was docketed on February 22,

2012 (see attached). This was not another mere oversight. It was evidence of deliberate malfeasance by Meyers to divert Davey's defense attorney to the Salazar docket and not the Simmons/CommunityOne docket. This additional act of misconduct deprived petitioner Davey of a fair trial.

In conclusion, it has already been conceded by the Government that in the extensive, voluminous discovery turned over to petitioner Davey's criminal defense attorney, the Government did not disclose the existence of the DPA. The supplement filed today brings to the court's attention the additional Brady Rule violations that resulted in material prejudice to Davey's right to a fair trail. At trial Davey would have presented evidence of CommunityOne's involvement in the scheme and how both CommunityOne and Simmons hid the ponzi scheme from Davey.

Petitioner Davey also asks the court for a hearing so that Meyers and the victim/witness coordinators can be examined.

Respectfully Submitted on: November 19, 2018

Jonathan Davey, pro se
Reg.#:27328-058
FCI Elkton Ohio
PO Box 10
Lisbon, OH 44432

Three Attachments:
Criminal Cover Sheet - US vs CommunityOne Bank (Case: 3:11-cr-00122-RJC-DSC, Document 1-1). (1 page)
Criminal Cover Sheet - US vs Davey, Toft, Sloat, & Murphy (Case: 3:12-cr-00068-RJC-DSC, Document 1-2). (1 page)
Exhibit G, Plaintiffs' Declarations - Yale vs CommunityOne Bank (Case: 3:15-cv-403-RJC-DSC). (14 pages)

*** CERTIFICATE OF SERVICE ***

Jonathan Davey, on this day November 19, 2018 did place this supplement in the prison mailing system, postage prepaid, for delivery to the following address:

US District Court
401 W. Trade Street
Clerk of Courts, Room 210
Charlotte, NC 28202

Jonathan Davey, pro se

Revised AO 45 (WDNC-03/07)

# NEW CRIMINAL CASE COVER SHEET

(To be used for **all** new Bills of Indictments and Bills of Information)

U. S. DISTRICT COURT

CASE SEALED:  ( ) Yes    (X) No    DOCKET NUMBER: 3:11cr122
(If case is to be sealed, a Motion to Seal and proposed Order **must** be attached.)

**CASE NAME** : US vs. COMMUNITYONE BANK, N.A.

**COUNTY OF OFFENSE** : MECKLENBURG COUNTY

**RELATED CASE INFORMATION** : (see below)

  *Magistrate Judge Case Number* : _____
  *Search Warrant Case Number* : _____
  *Miscellaneous Case Number* : _____
  *Rule 20b* : _____

**SERVICE OF PROCESS** - _____

**U.S.C. CITATIONS** (Mark offense carrying greatest weight):  ☐ Petty   ☐ Misdemeanor   X Felony

Title 31 U.S.C. 5318(h)

---

**JUVENILE** :  ☐ Yes   X No

---

**ASSISTANT U. S. ATTORNEY** : KURT W. MEYERS

**VICTIM / WITNESS COORDINATORS** : shirley.rutledge@usdoj.gov /ulricia.kennedy@usdoj.gov

---

**INTERPRETER NEEDED** : _____
**LIST LANGUAGE AND/OR DIALECT**: _____

---

**REMARKS AND SPECIAL INSTRUCTIONS**: **RELATED TO: United States v. Keith Franklin Simmons - Case No.: 3:10CR23**

Revised AO 45 (WDNC-03/07)

# NEW CRIMINAL CASE COVER SHEET

**U. S. DISTRICT COURT**

(To be used for **all** new Bills of Indictments and Bills of Information)

CASE SEALED: ( ) Yes (X) No  DOCKET NUMBER: 3:12cr68 RJC

(If case is to be sealed, a Motion to Seal and proposed Order **must** be attached.)

CASE NAME : US vs. (1) JONATHAN D. DAVEY
 (2) JEFFREY M. TOFT
 (3) CHAD A. SLOAT
 (4) MICHAEL J. MURPHY

COUNTY OF OFFENSE : MECKLENBURG COUNTY

RELATED CASE INFORMATION : (see below)

*Magistrate Judge Case Number* : _____

*Search Warrant Case Number* : _____

*Miscellaneous Case Number* : _____

*Rule 20b* : _____

SERVICE OF PROCESS - ***SUMMONS AND WARRANTS***

U.S.C. CITATIONS (Mark offense carrying greatest weight): ☐ Petty  ☐ Misdemeanor  X Felony

Title 18 U.S.C. Section 371

JUVENILE : ☐ Yes  X No

ASSISTANT U. S. ATTORNEY : KURT W. MEYERS

VICTIM / WITNESS COORDINATORS : shirley.rutledge@usdoj.gov /ulricia.kennedy@usdoj.gov

INTERPRETER NEEDED: _____

LIST LANGUAGE AND/OR DIALECT: _____

REMARKS AND SPECIAL INSTRUCTIONS:

## ***CASE RELATED TO: SALAZAR - 3:10CR244-RJC***

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| ALBERT YALE, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| vs. ) | Case No. 3:15-CV-403-RJC-DSC |
| ) | |
| COMMUNITY ONE BANK, N.A., ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFFS' EXHIBITS TO RESPONSE TO SUMMARY JUDGMENT**

**EXHIBIT G**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

ALBERT YALE, et al., )
)
                Plaintiffs, )
vs. )  Case No. 3:15-CV-403-RJC-DCK
)
COMMUNITY ONE BANK, N.A., )
)
                Defendant. )

## DECLARATION OF LARRY BURROUGHS

1. My name is Larry Burroughs.

2. I make this Declaration based upon personal knowledge.

3. I am a plaintiff in the lawsuit styled Albert Yale, et al., v. CommuntyOne Bank, N.A., No. 3:15-CV-403.

4. Jonathan Davey was not my investment advisor, and my money was invested in the Ponzi scheme commonly known as Black Diamond and orchestrated by Keith Simmons.

5. After the Black Diamond Ponzi scheme came to light, I received communications and notifications from time to time from the federal government and its victim notification service about the government's criminal prosecution of Keith Simmons and Jonathan Davey and other individuals related to their participation in the scheme.

6. I never received any communication or notification from the federal government or its victim notification service about CommunityOne Bank, the government's prosecution of the bank, or the bank's participation in the Black Diamond Ponzi scheme.

7. I have never received any stock certificate from Divine Circulation Services, Ltd., or any other entity or person showing I owned stock in Divine Circulation Services, Ltd.

8. I have never received any notice of meeting of shareholders, and never attended any meeting of shareholders, of Divine Circulation Services, Ltd.

9. I have never received any payment of dividends from Divine Circulation Services, Ltd.

10. I have never received any IRS Form 1099 or IRS Form 1041, or Schedule K1, from Divine Circulation Services, Ltd.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this the ___ day of March, 2018.

_____
Larry Burroughs

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| ALBERT YALE, et al., )<br>)<br>        Plaintiffs, )<br>vs. )<br>)<br>COMMUNITY ONE BANK, N.A., )<br>)<br>        Defendant. ) | Case No. 3:15-CV-403-RJC-DCK |

**DECLARATION OF DAVID WOETZEL**

1. My name is David Woetzel.

2. I make this Declaration based upon personal knowledge.

3. I am an officer of CCR Data, Inc.

4. CCR Data, Inc., is a plaintiff in the lawsuit styled Albert Yale, et al., v. CommuntyOne Bank, N.A., No. 3:15-CV-403.

5. Jonathan Davey was an investment advisor of CCR Data, Inc., and CCR Data's money was invested in the Ponzi scheme commonly known as Black Diamond and orchestrated by Keith Simmons.

6. After the Black Diamond Ponzi scheme came to light, CCR Data, Inc., received communications and notifications from time to time from the federal government and its victim notification service about the government's criminal prosecution of Keith Simmons and Jonathan Davey and other individuals related to their participation in the scheme.

7. I do not recall CCR Data, Inc., ever receiving any communication or

notification from the federal government or its victim notification service about CommunityOne Bank, the government's prosecution of the bank, or the bank's participation in the Black Diamond Ponzi scheme.

8. CCR Data, Inc., has never received any stock certificate from Divine Circulation Services, Ltd.

9. CCR Data, Inc., has never received any notice of meeting of shareholders, and never attended any meeting of shareholders, of Divine Circulation Services, Ltd.

10. CCR Data, Inc., has never received any payment of dividends from Divine Circulation Services, Ltd.

11. CCR Data, Inc., has never received any IRS Form 1099 or IRS Form 1041, or Schedule K1, from Divine Circulation Services, Ltd.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this the 2nd day of ~~March,~~ April 2018.

David Woetzel

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

ALBERT YALE, et al., )
)
Plaintiffs, )
vs. ) Case No. 3:15-CV-403-RJC-DCK
)
COMMUNITY ONE BANK, N.A., )
)
Defendant. )

## DECLARATION OF GERALD WEBBER

1. My name is Gerald Webber.

2. I make this Declaration based upon personal knowledge.

3. I am a plaintiff in the lawsuit styled Albert Yale, et al., v. CommuntyOne Bank, N.A., No. 3:15-CV-403.

4. Jonathan Davey was my investment advisor, and my money was invested in the Ponzi scheme commonly known as Black Diamond and orchestrated by Keith Simmons.

5. After the Black Diamond Ponzi scheme came to light, I received communications and notifications from time to time from the federal government and its victim notification service about the government's criminal prosecution of Keith Simmons and Jonathan Davey and other individuals related to their participation in the scheme.

6. I never received any communication or notification from the federal government or its victim notification service about CommunityOne Bank, the government's prosecution of the bank, or the bank's participation in the Black Diamond Ponzi scheme.

7. I have never received any stock certificate from Divine Circulation Services,

Ltd., or any other entity or person showing I owned stock in Divine Circulation Services, Ltd.

8. I have never received any notice of meeting of shareholders, and never attended any meeting of shareholders, of Divine Circulation Services, Ltd.

9. I have never received any payment of dividends from Divine Circulation Services, Ltd.

10. I have never received any IRS Form 1099 or IRS Form 1041, or Schedule K1, from Divine Circulation Services, Ltd.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this the 31 day of March, 2018.

_____
Gerald Webber

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

ALBERT YALE, et al., )
)
       Plaintiffs, )
)
vs. ) Case No. 3:15-CV-403-RJC-DCK
)
COMMUNITY ONE BANK, N.A., )
)
       Defendant. )

**DECLARATION OF KEITH DAVEY**

1. My name is Keith Davey.

2. I make this Declaration based upon personal knowledge.

3. I am a board member of Missions to Military, Inc.

4. I am a board member of Safe Harbor Christian Foundation.

5. Missions to Military, Inc., Safe Harbor Christian Foundation, and I are plaintiffs in the lawsuit styled Albert Yale, et al., v. CommuntyOne Bank, N.A., No. 3:15-CV-403.

6. Jonathan Davey was an investment advisor of Missions to Military, Inc., and my investment advisor, and Mission to Military, Inc.'s money and my money were invested in the Ponzi scheme commonly known as Black Diamond and orchestrated by Keith Simmons.

7. Jonathan Davey was an officer and board member of Safe Harbor Christian Foundation, and Safe Harbor Christian Foundation's money was invested in the Black Diamond Ponzi scheme.

8. Jonathan Davey abstained from participating in votes taken by the Safe Harbor Christian Foundation board members on whether to invest money in investment opportunities suggested or presented to the Foundation by Jonathan Davey.

9. After the Black Diamond Ponzi scheme came to light, Missions to Military, Inc. and I received communications and notifications from time to time from the federal government and its victim notification service about the government's criminal prosecution of Keith Simmons and Jonathan Davey and other individuals related to their participation in the scheme.

10. Neither Missions to Military, Inc., Safe Harbor Christian Foundation, nor I ever received any communication or notification from the federal government or its victim notification service about CommunityOne Bank, the government's prosecution of the bank, or the bank's participation in the Black Diamond Ponzi scheme.

11. Neither Missions to Military, Inc., Safe Harbor Christian Foundation, nor I ever received any stock certificate from Divine Circulation Services, Ltd., or any other entity or person showing Missions to Military, Inc., Safe Harbor Christian Foundation, or I owned stock in Divine Circulation Services, Ltd.

12. Neither Missions to Military, Inc., Safe Harbor Christian Foundation, nor I ever received any notice of meeting of shareholders, and never attended any meeting of shareholders, of Divine Circulation Services, Ltd.

13. Neither Missions to Military, Inc., Safe Harbor Christian Foundation, nor I ever received any payment of dividends from Divine Circulation Services, Ltd.

14. Neither Missions to Military, Inc., Safe Harbor Christian Foundation, nor I ever received any IRS Form 1099 or IRS Form 1041, or Schedule K1, from Divine Circulation Services, Ltd.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this the 31 day of March, 2018.

Keith DAVEY

_____
Keith Davey

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| ALBERT YALE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| vs. ) | Case No. 3:15-CV-403-RJC-DCK |
| ) | |
| COMMUNITY ONE BANK, N.A., ) | |
| ) | |
| Defendant. ) | |

## DECLARATION OF JOHN MCFERREN

1. My name is John McFerren.

2. I make this Declaration based upon personal knowledge.

3. I am a plaintiff in the lawsuit styled Albert Yale, et al., v. CommuntyOne Bank, N.A., No. 3:15-CV-403.

4. Jonathan Davey was my investment advisor, and my money was invested in the Ponzi scheme commonly known as Black Diamond and orchestrated by Keith Simmons.

5. After the Black Diamond Ponzi scheme came to light, I received communications and notifications from time to time from the federal government and its victim notification service about the government's criminal prosecution of Keith Simmons and Jonathan Davey and other individuals related to their participation in the scheme.

6. I never received any communication or notification from the federal government or its victim notification service about CommunityOne Bank, the government's prosecution of the bank, or the bank's participation in the Black Diamond Ponzi scheme.

7. I have never received any stock certificate from Divine Circulation Services,

Ltd., or any other entity or person showing I owned stock in Divine Circulation Services, Ltd.

8. I have never received any notice of meeting of shareholders, and never attended any meeting of shareholders, of Divine Circulation Services, Ltd.

9. I have never received any payment of dividends from Divine Circulation Services, Ltd.

10. I have never received any IRS Form 1099 or IRS Form 1041, or Schedule K1, from Divine Circulation Services, Ltd.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this the 31 day of March, 2018.

_____
John McFerren

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| ALBERT YALE, et al., )<br>)<br>Plaintiffs, )<br>vs. )<br>)<br>COMMUNITY ONE BANK, N.A., )<br>)<br>Defendant. ) | Case No. 3:15-CV-403-RJC-DCK |

**DECLARATION OF TOM PRINSEN**

1. My name is Tom Prinsen.

2. I make this Declaration based upon personal knowledge.

3. I am a plaintiff in the lawsuit styled Albert Yale, et al., v. CommuntyOne Bank, N.A., No. 3:15-CV-403.

4. Jonathan Davey was my investment advisor and my money was invested in the Ponzi scheme commonly known as Black Diamond and orchestrated by Keith Simmons.

5. After the Black Diamond Ponzi scheme came to light, I received communications and notifications from time to time from the federal government and its victim notification service about the government's criminal prosecution of Keith Simmons and Jonathan Davey and other individuals related to their participation in the scheme.

6. I never received any communication or notification from the federal government or its victim notification service about CommunityOne Bank, the government's prosecution of the bank, or the bank's participation in the Black Diamond Ponzi scheme.

7. I have never received any stock certificate from Divine Circulation Services,

Ltd., or any other entity or person showing I owned stock in Divine Circulation Services, Ltd.

8. I have never received any notice of meeting of shareholders, and never attended any meeting of shareholders, of Divine Circulation Services, Ltd.

9. I have never received any payment of dividends from Divine Circulation Services, Ltd.

10. I have never received any IRS Form 1099 or IRS Form 1041, or Schedule K1, from Divine Circulation Services, Ltd.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this the 31 day of March, 2018.

_____
Tom Prinsen