IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:17CV556-RJC
(3:12CR68-RJC)


JONATHAN DAVEY,                          )
                                         )
                        Petitioner,      )
                                         )
            vs.                          )
                                         )
UNITED STATES OF AMERICA,                )
                                         )
                        Respondent.      )
_____   )


## GOVERNMENT'S RESPONSE IN OPPOSITION TO PETITIONER'S MOTION FOR DISCOVERY OF AN AUDIO FILE

Two-and-a-half years after filing a motion to vacate, Jonathan Davey moves this Court to provide an alleged audio file of pretrial proceedings. The United States respectfully requests that this Court deny the motion because the information sought is irrelevant to the issues in Davey's motion to vacate and would not entitle him to relief.

To obtain leave to pursue discovery, Davey has the burden to show "good cause" under Rule 6(a) of the Rules Governing Section 2255 Proceedings. *See Bracy v. Gramley*, 520 U.S. 899, 908 (1997). "A habeas petitioner . . . is not entitled to discovery as a matter of ordinary course," but rather, is entitled to discovery only "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" *Id.* at 904, 908–09 (quoting *Harris v. Nelson*, 394 U.S. 286, 300

(1969)); *see United States v. Roane*, 378 F.3d 382, 403 (4th Cir. 2004). "Rule 6 . . . does not authorize fishing expeditions." *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994).

Davey cannot establish good cause because his claimed need for the alleged audio file is irrelevant to the claims in his motion to vacate. In his motion to vacate, Davey raised claims of ineffective assistance of counsel and prosecutorial misconduct. *See* Civ. Doc. No. 1. He now requests production of an alleged audio file of pre-trial proceedings "to prove that [J]udge Conrad was prejudiced against Davey which resulted in biased rulings detrimental to the defense." Civ. Doc. No. 11, at 2. In particular, he seeks to challenge this Court's granting of the United States' motion in limine to exclude references to an investigation by the Commodities Futures Trading Commission. *Id.* at 1. Even if such an audio file exists, Davey is not entitled to discovery of it because it is not relevant to the claims in his § 2255 motion. He did not raise an evidentiary challenge to this ruling, nor did he allege judicial bias in his motion to vacate. *See United States v. Ochs*, 548 F. Supp. 502, 528 n.97 (S.D.N.Y. 1982) (denying motion to "correct" testimony where alleged corrections were immaterial to the issues and the transcript was certified by the court reporter). Any attempt to add such claims now would be futile because such claims would be untimely, procedurally barred, and without merit. *See* 28 U.S.C. § 2255(f) (addressing statute of limitations); *Bousley v. United States*, 523 U.S. 614, 621–22 (1998) (addressing procedural default); *Burket v. Angelone*, 208 F.3d 172, 186 (4th Cir. 2000) (holding a habeas court does not review evidentiary

issues unless the "rulings were so extreme as to result in a denial of a constitutionally fair proceeding").

Davey's conclusory assertion that the transcript of the proceedings may not accurately reflect a statement made by this Court when granting the motion in limine is insufficient to entitle him to discovery of any audio tape of the proceedings. *Id.* at 1. The court reporter certified that the transcript was a "true and correct transcript" of the proceedings in accordance with 28 U.S.C. § 753. Crim. Doc. No. 278, at 76; *see United States v. Davis*, 648 F. App'x 295, 297 (4th Cir. 2016) (recognizing that audio backups of a court reporter's stenographic record generally constitute the reporter's personal property, not court records). Therefore, the transcripts are presumed to be correct. *See United States v. Zammiello,* 432 F.2d 72, 73 (9th Cir. 1970). Davey's alleged recall of the testimony is insufficient to overcome this statutory presumption. *See Davis v. United States*, No. 1:08CV531, 2009 WL 1628882, at *6–*7 (W.D.N.C. 2009). Moreover, Davey never objected to the transcripts despite their having been prepared in May 2016 and used during his direct appeal.

Finally, even if Davey could raise this claim and his allegation regarding the transcript were accepted as true, he still could not show that he is entitled to relief because the alleged comment was made outside the presence of the jury, and this Court's evidentiary ruling was proper and did not deny Davey his constitutional rights. *See* § 2255 (providing relief for constitutional violations); Fed. R. Evid. 403;

3

Crim. Doc. No. 274, at 6, 61. Therefore, Davey's motion for discovery should be denied.

## <u>CONCLUSION</u>

For the foregoing reasons, the United States respectfully requests that this Court deny Davey's motion.

RESPECTFULLY SUBMITTED this 24th day of March, 2020.

<div style="margin-left: 2em;">

R. ANDREW MURRAY
UNITED STATES ATTORNEY

<u>s/Elizabeth M. Greenough</u>
Elizabeth M. Greenough, N.Y. Bar No. 2667905
Assistant United States Attorney
227 West Trade Street, Suite 1650
Charlotte, NC 28202
Telephone:   704-344-6222
Fax:             704-344-6229
Email: Elizabeth.Greenough@usdoj.gov

</div>

4

## CERTIFICATE OF SERVICE

I certify that I caused to be served a copy of the above response upon the Petitioner by U.S. Mail at the following address:

Jonathan Davey
No. 27328-058
FCI Elkton
Federal Correctional Institution
P.O. Box 10
Lisbon, OH  44432

This 24th day of March, 2020.


<u>s/Elizabeth M. Greenough</u>
Assistant United States Attorney
USAO Charlotte, NC