# Keith davey

| | |
|---|---|
| **From:** | DAVEY JONATHAN D (27328058) |
| **Sent Date:** | Tuesday, April 7, 2020 9:05 AM |
| **To:** | khdavey54@gmail.com |
| **Subject:** | Reply to Gov't's Response - Audio File Motion |

FILED
CHARLOTTE, NC

APR 10 2020

US DISTRICT COURT
WESTERN DISTRICT OF NC

United States District Court
For the Western District of North Carolina - Charlotte Division
Civil No.: 3:17-cv-00556-RJC
(3:12-cr-00068-RJC-DSC-1)

Jonathan Davey, Petitioner

vs

United States

### Petitioner's Reply to Government's Response to Davey's Motion to Receive the Audio File

On March 11, 2020 Petitioner, Davey, filed a motion as an addendum to his 2255 requesting the audio file of his trial. On March 30, 2020 Davey received a copy of the government's response to his motion through the prison mail system.

The government's response offered a number of arguments in support of their request to deny Davey's motion but each argument is without merit. The government claims that Davey is on a fishing expedition and his assertion is conclusory. Yet Davey is seeking to verify a specific statement that was made by Judge Robert Conrad and heard by Davey and others in the courtroom. Neither was Davey's assertion conclusory because, notably, the government did NOT deny that the judge uttered the statement. Thus, the government's arguments lack good faith because no one deny's the actual utterance of the statement or that others in the courtroom heard the specific statement.

The government's argument that Davey's motion is irrelevant to his claims of ineffective assistance of council (IAC) and prosecutorial misconduct misses the direct correlation of judge Conrad's bias statement and immediate ruling to both the subsequent IAC and prosecutorial misconduct. Judge Conrad explicitly ruled that there could be no mention of the Commodity Futures Trading Commission's (CFTC) disastrous 2009 investigation into Simmons' ponzi scheme. When the prosecutor brought forward to the witness stand his first witness, Steve Lacy, and allowed him to knowingly present false testimony that no investigation had taken place in 2009, it was not just the prosecutor who knew of Lacy's false testimony but also Judge Conrad, himself, who knew that Lacy had lied because of the judge's previously ruling to suppress any mention of the 2009 investigation. Yet neither the prosecutor or judge Conrad corrected Lacy's false testimony. Judge Conrad's announcement of his decision on Davey's guilt at the outset of the trial cannot be disjoined from his tacit approval of the subsequent prosecutorial misconduct. Further, defense counsel's failure to object to such an obvious display of false testimony supports Davey's claim of IAC.

The government attempts to argue that Davey's motion is untimely, procedurally barred and was not raised on direct appeal. Since the transcript did not contain the judge's biased statement, no argument could be made on direct appeal as it was not in the record. As the government duly noted, it has been two and a half years since Davey filed his motion to vacate. But the government again argues in bad faith by failing to note that the court has yet to rule on Davey's motion and that the court has accepted two supplemental filings concerning Brady

# Keith davey

violations that have been uncovered during the past two years. Davey's request to receive the audio file is a relatively simple process but it entails extraordinary value.

The remaining government argument is that Davey's constitutional right was not violated because the judge's biased statement was made outside the presence of the jury and therefore he is not entitled to relief. However, 28 USCS section 445 disqualifies a judge "where he has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceedings." The presence of the jury is not required for disqualification.

Davey needs access to the audio file as further proof that judge Conrad's rulings were guided by his personal bias against Davey rather than objective consideration. The Sixth Amendment guarantees a fair trail and Davey has provided a sufficient showing to establish good cause for discovery. Therefore Davey's motion for discovery should be accepted.

MOTION TO RECUSE

In addition to the foregoing brief, Davey also moves Judge Robert J. Conrad to recuse himself from any further judgments pertaining to petitioner Davey.

The Fourteenth Amendment's due process requires a neutral and detached judge. The supreme court stated that "...not only was a biased decision maker constitutionally unacceptable, but the nation's system of laws had always endeavored to prevent even the probability of unfairness." Withrow v Larkin, 43 L Ed 2d 712, 95 S. Ct. 1456 (1975). Davey believes that the reasons behind this court's failure to rule on his motion to vacate after two and a half years is due to 1) judge Conrad's aversion to acknowledge that Davey's trial was rife with IAC and prosecutorial misconduct, 2) judge Conrad's inability to accept Davey's meritorious claims involving factual issues supported by clear and convincing evidence, and 3) judge Conrad's' inability to objectively accept that he was misled by the government's false narrative, false testimonies, and false evidence. The government's "overwhelming" evidence at trial was nothing more than a complete fabrication and they successfully convinced judge Conrad to disallow Davey from presenting multiple pieces of exculpatory evidence to the jury.

Judge Conrad was very familiar with the Black Diamond ponzi scheme long before Davey's trial in 2013. In January 2011 at the behest of the CFTC, judge Conrad froze Davey's assets without giving Davey the benefit of a hearing. Even though Davey had fully complied with both of the CFTC's subpoenas, this ruling began a trend of protecting the CFTC's malfeasance from public exposure. Three months later in April 2011, judge Conrad signed CommunityOne Bank's Deferred Prosecution Agreement (DPA) allowing the bank to avoid the consequences of their willing participation and co-conspiratorship in Keith Simmons' Black Diamond ponzi scheme (the discovery of this DPA after Davey's trial is the subject of a Brady rule violation - see docket #6 & #8). In October 2011 judge Conrad ruled again in favor of the CFTC and against Davey and his clients thereby stripping them of their funds. Also, from 2010 through 2012, judge Conrad ruled on multiple plea agreements as every single co-conspirator of Keith Simmons chose to take plea agreements. By the time of Davey's trail in 2013, it is not unreasonable that judge Conrad had developed a bias against anyone accused of being a co-conspirator in Simmons' ponzi scheme.

Davey was the only accused co-conspirator to maintain his innocence and demand a trial in spite of the statistically insurmountable odds of prevailing at trail. However, Davey was not expecting the court's hat trick of a woefully ineffective court appointed attorney, an unethical prosecutor willing to lie and cheat in order to win, and a biased judge. But the most sobering realization that his Sixth and Fourteenth constitutional rights were about to be violated was hearing the shockingly biased statement of judge Conrad in the opening dialogue to defense counsel that "your client is guilty of fraud and I do not want to confuse the jury with the actions of the CFTC." Others in the courtroom were equally shocked by the judge's statement.

In the oft cited supreme court case in re Murchison, 99 LED 942, 349 US 133, 75 S. Ct. 623 (1955), the court held that a judge who has been part of the accusatory process could not be, in the very nature of things, wholly disinterested in the conviction or acquittal of those accused, and the judge's recollection of what took place in the secret session was likely to weigh far more heavily with the judge than was any testimony given in the open hearings. Davey believes that such is the case here for judge Conrad. Ruling in over a dozen cases related to the fall-out from Keith Simmons' Black Diamond ponzi scheme prior to Davey's trial in 2013, judge Conrad developed a belief about those related to the ponzi scheme and a bias against the sole defendant claiming his innocence. The exact situation that the Murchison Court feared - that of a judge losing his objectivity through prior rulings - is what culminated at Davey's trial when judge Conrad announced his bias against Davey even before the trial got

underway.

The 4th Circuit's view on delayed 2255 rulings was evident when they granted mandamus about 24 months after briefings completed (re Hicks, 118 Fed Appx 778, 2005). It appears that this court's delay of two and half years further indicates a bias against Davey. However, Davey's concern is that any ruling by judge Conrad will not be based on objectivity. Judge Conrad's audacity to announce his personal view of Davey at the very beginning of Davey's trial removes any probability of fairness.

Supreme Court Justice Douglas wrote fifty-six years ago, "It is a travesty on American justice to allow a judge who has announced his decision on the issue of guilt prior to trial to sit in judgment at the trial." Ungar v Sarafite, 11 LED2D 921, 938, 376 US 575 (1964). Davey requests judge Conrad to recuse himself from all pending and future rulings concerning petitioner Davey.

Respectfully Submitted on April 7, 2020

.

/s/_____
Jonathan Davey, pro se
Reg#: 27328-058
FCI Elkton, OH
PO Box 10
Lisbon, OH 44432

.

### *** Affidavit of Jonathan Davey ***

I hereby certify that the above stated matters in the Motion To Recuse are true and correct to the best of my information, knowledge, and belief.

/s/_____
Jonathan Davey, Petitioner

.

### *** CERTIFICATE OF SERVICE ***

Because of the COVID-19 pandemic, FCI Elkton is in a quarantine lockdown. Inmates do not have access to printers nor has staff been available to print out time sensitive legal documents. Therefore, I, Jonathan Davey, on this day April 7, 2020 did email this Brief to my father, Keith Davey, to be mailed from his home in Virginia Beach, VA to the following address:

US District Court
401 W. Trade Street
Clerk of Courts, Room 210
Charlotte, NC 28202

/s/_____
Jonathan Davey, pro se