FROM: 27328058 DAVEY, JONATHAN D
TO:
SUBJECT: Emergency Motion for Release Pending Habeas
DATE: 07/20/2020 10:17 AM

FILED
CHARLOTTE, NC

JUL 27 2020

US DISTRICT COURT
WESTERN DISTRICT OF NC

United States District Court
Western District of North Carolina - Charlotte Division
Civil No.:3:17-cv-00556-RJC
(3:12-cr-00068-RJC-DSC-1)

Jonathan Davey, Petitioner

v.

United States, Respondent

### Petitioner's Emergency Motion for Release Pending Habeas

Petitioner, Jonathan Davey, hereby moves this Court for release pending disposition of his motion to vacate under 28 USC 2255.

Emergency disposition is requested because -- given the incredibly severe COVID-19 "coronavirus" outbreak at Davey's institution, FCI Elkton in Ohio, where at least nine inmates have already died and literally hundreds have recently tested positive (as of 6/8/20, more than 600 cases. see BOP website) -- any delay at all puts Davey at an increased risk of death or serious illness. Per CDC guidance, Davey's age, hypertension, and high Body Mass Index elevates his susceptibility to COVID-19.

"Before a prisoner may be released on bail pending a collateral attack on his conviction, he must show substantial constitutional claims on which he has a high probability of success, and exceptional circumstances making a grant of bail necessary for the habeas remedy to be effective." US v. Eliely, 276 Fed. Appx. 270 (4th Cir. 2008).

Davey should not be considered a flight risk because he was on pre-trial release for one year with no electronic monitoring and no issues, was on post-conviction release for two years before his sentencing hearing with no electronic monitoring and no issues, has been a model inmate with no disciplinary issues during his incarceration, and is eligible for release to home confinement per United States Attorney General William Barr's April 3, 2020 memo to the Bureau of Prisons concerning the COVID-19 global pandemic.

Here, on September 19, 2017, Davey filed a timely motion to vacate under 28 USC 2255 alleging, inter alia, actual innocence based on unlawfully withheld Brady exculpatory material and shockingly ineffective assistance of counsel.

Factual innocence, blatant prosecutorial misconduct and deliberate malfeasance (see Dkt. 10), and woefully inadequate defense counsel are "substantial constitutional claims" upon which Davey "has a high probability of success" -- Indeed the sheer volume of the continuing stream of newly discovered Brady exculpatory evidence (see Dkts. 1,4,6,8,9,10, & 15) renders any Government argument to the contrary meritless.

Furthermore, the evidence raises substantial questions of fact likely to result, at a minimum, in an order for a new trial.

This Court has not ruled on Davey's 2255 petition or any of his supplemental motions. These subsequent filings (see Dkts. 9,10,11,14, & 15) do not add any new arguments to Davey's original filing; rather they reinforce and corroborate his original claim of innocence.

The Court's delay of two and a half years is extraordinary. Habeas petitioners are to be promptly heard. In Rivera v. Concepcion, 469 F.2d 17 (1st Cir. 1972), the Court held that bail pending appeal was proper after two years of delays in responding to petitioners.

Pursuant to 28 USC 1657(a), a district court must give priority to habeas corpus cases over other civil cases. See 28 USC 1657

(a)("the court shall expedite the consideration of any action brought under [28 USC 2241 et. seq].").

Further, "the interests of both public and the petitioner require promptness; that if the petitioner is unlawfully restrained of his liberty it may be given to him as speedily as possible...and also that if further action is to be taken in the matter it may be taken without delay." Storti v. Massachusetts, 183 US 138,143 (1901).

Finally, the Fourth Circuit has held that a delay beyond 24 months is extraordinary. See, In re Hicks, 118 Fed. Appx. 778, 4th Cir. 2005.

Therefore, given the unprecedented health threat posed by the COVID-19 global pandemic and the Court's extraordinary inaction for the past two and a half years, and because he can show his convictions are invalid and his actual innocence, Davey hereby moves this Court for emergency release pending disposition of his motion to vacate under 28 USC 2255.

Respectfully Submitted,

Jonathan Davey, pro se
Reg.#: 27328-058
FCI Elkton, Ohio
PO Box 10
Lisbon, OH 44432


*** Certificate of Service ***

I declare that on July 21, 2020, I did put a copy of this brief in the prison mail system, postage prepaid for the delivery to the following address:

United States District Court
Clerk of Courts
401 W. Trade St.
Clerk Room 210
Charlotte, NC 28202

Executed (signed) on July 21, 2020 (date)

Jonathan Davey, pro se
Signature of Petitioner