FROM: 27328058 DAVEY, JONATHAN D
TO:
SUBJECT: Reply - Part A
DATE: 04/11/2021 09:47 AM

FILED
CHARLOTTE, NC

APR 27 2021

US DISTRICT COURT
WESTERN DISTRICT OF NC

United States District Court
For the Western District of North Carolina
Charlotte Division
Civil No. 3:17-cv-00556-RJC
(3:12-cr-00068-RJC-DSC-1)

Jonathan Davey, Petitioner

v.

United States

Petitioner's Reply in Opposition to Government's Motion and Supplement (Dkts. 18 & 19) in Response to Petitioner's Supplements

On April 6, 2021 at the 5pm general mail call, Petitioner, Jonathan Davey, received the Government's motion to file a supplemental response to their initial response filed on November 13, 2017.

Davey opposes the Government's motion because it seeks to bar Davey's supplements which expose the Government's constitutional violations.

Davey opposes the Government's supplement because it offers no new evidence nor cures their constitutional violations. Further, Davey's supplements (Dkts. 9 & 10) have already been accepted by the Court (see Docket Text Order on April 23, 2019).

Without submitting any objective evidence, the Government's supplement simply repeats their old response arguments with a few new ones. But this is in stark contrast to Davey's initial brief and reply which were supported by 300 pages of exhibits providing substantially clear and powerful evidence that the Government committed numerous unlawful acts at his trial to which many of these acts his defense counsel willfully failed to either object or impeach.

And now, with the addition of Davey's properly submitted supplements, the mountain of damning evidence has grown to a height that the Government must finally realize it cannot possibly overcome.

Despite the expansive 50 page supplement, none of the Government's arguments can reverse their use of false testimony or false evidence. Nor do they offer any support that their false evidence is in fact true. Nor can they cite any case law that even remotely indicates that a reasonable defense strategy willfully allows the Government to perpetrate such fraud at trial. It remains that a conviction obtained through such means is fundamentally unfair and must be set aside.

So what does the Government propose to the Court? Essentially, that they got their conviction so ignore the mountain of evidence. But the simple fact remains that the Government used evidence that does NOT exist to obtain their conviction and now wants to suppress evidence that DOES exist which would overturn their conviction. Thus, the simple truth is that their conviction was the result of fraud on the Court and can not stand.

Per F.R.Civ.P., Rule 15(D) permits "a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." The Government's motion to supplement in response of Davey's supplements is a motion which requires the Court's permission, and were the Government an individual, their motion would be fraught with self-serving statements. And were the Government an individual, their self-serving statements would not be allowable. In the recent case of McNeill v. Pool, 2020 U.S. Dist. LEXIS 122433,*4-5, (M.D.N.C.,7/13/20), the Court cites Anderson v. Liberty Lobby, Inc., 477 US 242,248-249 (1986), "the court need not consider 'uncorroborated assertions' or 'self-serving opinions' without objective corroboration.

I. Davey's Supplemental Filings were Timely and Proper

All of Davey's supplements were based upon newly discovered material and exculpatory evidence that the Government failed to disclose to Davey's defense counsel. Davey's supplements did not raise any new claims but rather provided new evidence supporting his initial brief's claims of prosecutorial misconduct and Brady rule violations. These supplements did not require any further discovery or undue delay in resolution of the case.

A) Dkt. 9: Newly Discovered Brady Rule Violation

Davey's initial 2255 brief (Dkt. 1), the Government's response (Dkt. 4), and Davey's reply (Dkts. 6 & 8) were completed by February 6, 2018. Shortly thereafter Davey discovered a Securities and Exchange Commission subpoena delivered to CommunityOne Bank (COB) dated June 10, 2009. On May 7, 2018 Davey filed this supplement to his reply explaining how this material and exculpatory document was a Brady rule violation.

This did not involve a new claim but rather gave further evidence of prosecutorial misconduct which Davey claimed on his initial brief.

The Government failed to offer a supplemental response. Fourteen months later, the Court's Text Order on April 23, 2019 accepted Davey's supplement without any Government objection.

B) Dkt. 10: Newly Discovered Acts of Prosecutorial Misconduct

On November 27, 2018, Davey filed this supplement upon his discovery of multiple acts of prosecutorial misconduct. The evidence, including numerous affidavits, showed blatant misconduct by Assistant U.S. Attorney, Kurt W. Meyers, to deliberately withhold any mention of COB's confessed culpability from all the victim's in the related Keith Simmons' Black Diamond Ponzi scheme fraud case.

Davey also submitted evidence of deliberate malfeasance by Meyers to divert Davey's defense attorney from learning of COB's Deferred Prosecution Agreement (DPA). These acts of misconduct deprived Davey of a fair trial.

The Government failed to respond to Davey's supplement. Five months later, the Court accepted Davey's supplement on April 23, 2019 without any Government objection.

C) Dkt. 15: Numerous Newly Discovered Documents of Material and Exculpatory Evidence

On July 13, 2020, Davey filed a supplement based on his discovery of numerous pieces of critical evidence withheld from his defense counsel.

Davey filed a Freedom of Information Act (FOIA) request to the Department of Justice in September 2016. Over the next three years the FBI stonewalled Davey's request. After exhausting all administrative remedies, Davey filed a complaint in the U.S. District Court for the District of Columbia (1:19-cv-00106-ABJ) and the FBI subsequently agreed to release approximately 29,000 pages of documents on 60 CDs; issuing roughly one CD per month. Davey received the contents of the first CD in June 2020.

On this first CD alone, Davey discovered six material and exculpatory documents unlawfully withheld from his defense counsel. Davey's supplement did not assert any new claims but rather evidenced the disturbing pattern of the prosecutors' extensive Brady rule violations.

Had Davey known of these documents before his trial, he could have had officials from COB, the Commodities Future Trading Commission, and FBI agents testify on his behalf, providing credible third-party testimony consistent with COB's DPA, that Davey did not know of Simmons' fraud, nor was part of Black Diamond's conspiracy, nor was part of the alleged "derivative ponzi-scheme."

Further, this testimony would have been inconsistent with the fundamental charges of the Government's case. There is a reasonable probability that the jury would have seen the fallacy of the Government's accusations. see Miller-el v. Cockrell, 537 US 322,355 (2003).

Thus the jury was prevented from hearing material and exculpatory testimony that would have been consistent with Davey's

claim of innocence. This supplement supported Davey's original claim that there is a reasonable probability that these Brady rule violations affected the jury's verdict.

Davey re-emphasized his denial of due process, and for these reasons the Court should vacate his sentence and convictions.

The Government never responded to this supplement.

Considering that the majority of FOIA CDs are yet to be sent to Davey by the FBI, there is a high probability that the Brady rule violations discovered thus far are only the tip of the iceberg.

continued on next page

D) Dkt. 16: Emergency Motion for Release Pending Habeas

On July 27, 2020 Davey filed this emergency motion for release pending habeas. Davey's basis was the sheer volume of the stream of material and exculpatory evidence unlawfully suppressed by the Government continuing to bumble up into the light of truth. All this newly discovered evidence moves the needle on the scale beyond any possible cure by the Government. Davey's factual innocence, the prosecutors' blatant misconduct and deliberate malfeasance, and the woefully ineffective assistance of defense counsel are substantial constitutional claims upon which Davey has a high probability of success.

Per Docket 16, a response was due by August 10, 2020. The Government never responded.

E) Dkt. 17: Addendum to Davey's Reply Further Explaining the Critical Brady Rule Violation of CommunityOne Bank's Deferred Prosecution Agreement.

On March 22, 2021, Davey filed an addendum to his reply concerning the bomb-shell discovery in 2015 - two years after his trial - of material and exculpatory evidence that the prosecutor deliberately and systematically suppressed (see Dkt. 1, page xiv, Timeline Item #24).

The Government admitted its failure to disclose COB's DPA. (Dkt. 4, Government's Response, p26).

As more unlawfully withheld evidence has been discovered, including those already addressed in previous filings, it has become clear that had the material fact of COB's admitted money laundering role in Simmons' Black Diamond fraud been known to Davey's counsel, it would have been the cornerstone of his defense at trial.

This supplement, based on newly discovered evidence, summarized how the same US Attorneys in Charlotte, who prosecuted COB for concealing Simmons' fraud, concealed COB's fraud from Davey's defense. The incredible measures that the prosecutors undertook to keep this information unlawfully suppressed from Davey's defense counsel speaks volumes about its material and explosive value.

Davey's initial brief, 300 pages of exhibits, and affidavit presented substantial and irrefutable evidence that his conviction at trial was obtained through false testimony, false evidence, and ineffective assistance of defense counsel. But the Government's failure to disclose COB's DPA is the "smoking gun" that evidenced their coordinated efforts to suppress of favorable and exculpatory evidence.

II. The Government's Motion and Supplement Seek to Destroy the Central Nature of Brady Claims and the Relative Expectations that the Law Places on Prosecutors and Their Investigators with Respect to Exculpatory Information in the Government's Possession

The Government alleges that Davey's claims are "continuing attempts to add claims and litigate his motion to vacate in piecemeal fashion..." (Dkt. 18, Gov't Motion, p2). Nothing could be further from the truth.

Consistent with F.R.Civ.P 15 (D), every supplement submitted was the result of newly discovered evidence by Davey that the prosecutor failed to disclose to him. The Government can only blame themselves and they alone bear the responsibility for Davey having to file these supplements. Had the Government not unlawfully withheld exculpatory evidence, there would have been nothing for Davey to discover. The Government cheated at trial and wants to cry foul now that they have been caught.

It was appropriate for Davey to assume that his prosecutors would not stoop to improper litigation conduct to advance prospects for gaining a conviction. The Government now seeks to shift the ground upon which a significant portion of Davey's habeas rests because Davey has thoroughly and irrefutable shown that the prosecutors' illegal actions rendered Davey's trial unfair.

In 1995 (see Kyles, v. Whitley, 514 US 419, 438-438), the US Supreme Court explained the duty to disclose the exculpatory evidence: [T]he prosecution, which alone can know what is undisclosed, must be assigned the consequent responsibility to gauge the likely net effect of all [favorable] evidence and make disclosure when the point of 'reasonable probability' is reached. This in turn means that the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the Government's behalf...but whether the prosecutor succeeds or fails in meeting this obligation (whether, that is, a failure to disclose is in good faith or bad faith), the prosecution's responsibility of failing to disclose known favorable evidence rising to a material level of importance is inescapable (Dkt. 8, Reply Brief, p8)

By ignoring Kyles' instruction that prosecutors must disclose evidence they know is favorable, the Government is attempting to unreasonably apply clearly established federal law.

In Fullwood v. Lee, 290 F.3d 663, 686 (4th CA, 2002), which directly applies to this case and has been referenced by the 4th CA approximately fifty times, the Court made clear that Brady material involved evidence not known by the defendant or available for his use. The Government did not disclose the DPA and the Government did not disclose COB's role in Davey's indictment. Therefore the Government's suppression of COB's role in the Black Diamond fraud was a Brady rule violation (Dkt. 17, p2).

After Fullwood, the recent Third Circuit decision of Bracey v. Superintendent, 986 F.3d 274, 2021 US App LEXIS 1623, *28-32 (3rd CA, 1/20/21) supports Davey's position with even more force, stating: "that the prosecution's 'duty to disclose under Brady is absolute'; and that the conduct should: 'take into account that prisoners are limited by their physical confinement...Thus, even after a defendant goes to trial, is convicted, and is sentence to serve a term of imprisonment, due diligence does not require him to shed his reasonable reliance on the government's compliance with Brady."

But still the Government continues to attempt to shift the burden onto the defense to search out Brady material in the public domain (Dkt. 19, Gov't Supp., p34). Their argument would suggest that by a prosecutor pointing to a proverbial hay stack, the responsibility shifts to the defense to find the needle. But the Bracey Court's rejection of this argument could not have been clearer: "a defendant has no burden to 'scavenge for hints of undisclosed Brady material' even if the material part could be found in public records...Rather, the prosecutions' duty to disclose under Brady is absolute - it does not depend on defense counsel's actions - and the defense is entitled to presume that prosecutors have discharged their official duties. Bracey. Id. at *6.

Davey claimed in his initial brief that the Government's Brady rule violations denied him due process (Dkt. 1, pp72-74). The Government's current motion seeks to further deprive Davey's due process rights.

CONCLUSION

The Government raising a new defense after three years of silence prejudices Davey who has been waiting - incarcerated - for this Court to provide relief.

The Court should reject the Government's motion because it seeks to conceal and eliminate the consequences of the Government's constitutional violations. Their supplement was not a result of new evidence or an event, but rather their frustration that Davey keeps uncovering their unlawful acts. To use an old colloquialism, "closing one's eyes to the flashing railroad warning lights will not clear the tracks." Nor will procedurally barring Davey's supplements clear the Government's illegal actions.

It is without question that any further supplements by the Government would be futile.

The Petitioner contends that by the Government's purposeful withholding of exculpatory evidence favorable to the Petitioner during discovery and the trial, they have committed a fraud upon this Honorable Court to gain a conviction of the Petitioner. Their knowing and intentional actions in this regard have affected the fairness, integrity, and public reputation of the Court, calling for only one conclusion by the Court, that is Vacating the Sentence, Vacating the jury's verdict, and Dismissing the Charges and Indictment with Prejudice.

WHEREFORE the Petitioner, Jonathan Davey, pro se, in the above captioned action before this Honorable Court prays that the Court will GRANT his Writ of Habeas Corpus for the Government violation of his constitutional rights and issue an Order for Immediate Release of the petitioner.

Respectfully Submitted,

Jonathan Davey, pro se
Reg.#: 27328-058
PO Box 2000
Joint Base MDL, NJ 08640
FCI Ft. Dix

*** Certificate of Service ***

I certify that this brief was put in the prison mail system on __4/16/21__ to the following address:

US District Court
Clerk of Courts
Clerk Room 210
401 W. Trade Street
Charlotte, NC 28202

*Received 4/15/21 at 5pm general mail call.*

**From:** ^!"DAVEY, ^!JONATHAN D" <27328058@inmatemessage.com>
**To:**
**Date:** 4/11/2021 3:06 PM
**Subject:** ***Request to Staff*** DAVEY, JONATHAN, Reg# 27328058, FTD-F-B

To: Print Supervisor
Inmate Work Assignment: Yard AM

***ATTENTION***

Please cut and paste the message indicator below into the subject line; only this indicator can be in the subject line.
5b562913-245e-4e4a-b856-a93267a2a1bc
Your response must come from the departmental mail box. Responses from personal mailboxes WILL NOT be delivered to the inmate.

***Inmate Message Below***

I sent two draft emails to the print que. They are time sensitive legal briefs. Please print them out and send to me.

Thanks,
Jonathan Davey

*Requested on 4/11*
*Received on 4/15*