UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00556-RJC
(3:12-cr-00068-RJC)

| | |
|---|---|
| JONATHAN DAVEY, ) | |
| ) | |
|     Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
|     Respondent. ) | |

**THIS MATTER** is before the Court upon Petitioner Jonathan Davey's Motion to Vacate Sentence and Convictions filed pursuant to 28 U.S.C. § 2255 on September 19, 2017. [Doc. 1]. Also before the Court is Petitioner's Motion to Provide Trial Audio File, filed on March 19, 2020 [Doc. 11], Emergency Motion for Release Pending Habeas, filed on July 27, 2020 [Doc. 16], and the Respondent's Motion to File a Supplemental Response to Petitioner's Motion to Vacate, filed on March 30, 2021 [Doc. 18].[1]

**I. PROCEDURAL HISTORY**

Petitioner Jonathan Davey ("Petitioner") was charged in February 2012 with conspiracy to commit securities fraud in violation of 18 US.C. § 371 (count one); conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 (count two); conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h)(count three); and tax evasion in violation of 26 U.S.C. § 7201

---

[1] The Court notes that Petitioner has filed numerous supplemental reply briefs. [Docs. 8, 9, 10, 15, 17]. Several of these reply briefs include attempts to raise additional claims of prosecutorial misconduct which are improperly raised, untimely filed, and fail to relate back to his initial claims. Petitioner also attempts to include a motion seeking discovery within one of the reply briefs, which is an improperly filed motion to which Petitioner is entitled no relief.

1

and 18 U.S.C. § 2 (count four). [CR Doc. 1].[2]  The charges stemmed from Petitioner's operation of a hedge fund named Divine Circulation Services ("DCS"), which invested in various business ventures that either failed or turned out to be fraudulent. United States v. Davey, 661 Fed. Appx. 240, 241 (4th Cir. 2016). Following a jury trial, Petitioner was found guilty of all four charges. [CR Doc. 174]. This Court sentenced Petitioner to 252 months' imprisonment. [CR Doc. 263]. Petitioner was also ordered to pay over $21 million dollars in restitution. Id.

Petitioner filed a Notice of Appeal on grounds that the trial court erred in excluding evidence, that there was insufficient evidence to support his tax evasion conviction, and improper calculation of restitution. The Fourth Circuit rejected Petitioner's claims and affirmed his convictions. United States v. Davey, 661 Fed. Appx. at 241.

Petitioner filed his § 2255 Motion to Vacate Sentence and Convictions on September 19, 2017 raising claims of ineffective assistance of counsel and prosecutorial misconduct. [Doc. 1]. The Respondent argues that Petitioner is not entitled to relief because he fails to demonstrate counsel was ineffective or that the prosecution engaged in any misconduct. [Doc. 4].[3]  The parties have also filed several additional motions [Doc. 11, 16, 18]. These matters are now ripe for review.

## II. STANDARD OF REVIEW

A prisoner convicted of a federal offense may collaterally attack a conviction or sentence under the following four grounds: 1) the sentence was imposed in violation of the Constitution or laws of the United States; 2) the court was without jurisdiction to impose the sentence; 3) the sentence was in excess of the maximum authorized by law; or 4) the sentence is otherwise subject

---

[2] Citations to the Petitioner's criminal docket, Case No. 3:12-cr-0068 are denoted by the letters "CR" followed by the relevant docket number.

[3] Respondent has filed a Motion to File a Supplemental Response to Petitioner's Motion to Vacate [Doc. 18] seeking leave to address the supplemental filings submitted by Petitioner. The Court grants this motion and accepts Respondent's Supplemental Response [Doc. 19].

to collateral attack. 28 U.S.C. § 2255(a). Section § 2255 is designed to correct fundamental errors which would "inherently result[ ] in a complete miscarriage of justice." United States v. Addonizio, 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979)(quoting Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962)). In a § 2255 proceeding, the petitioner bears the burden of proving his claims by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

The court need not hold an evidentiary hearing on a § 2255 motion if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "Evidentiary hearings on § 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate an evidentiary hearing is warranted." Moreno-Morales v. United States, 334 F.3d 140, 145 (1st Cir. 2003). The determination of whether to hold an evidentiary hearing is ordinarily left to the sound discretion of the court. Raines v. United States, 423 F.2d 526, 530-531 (4th Cir. 1970). Upon review of Petitioner's § 2255 claims and the record, the Court concludes that this matter can be resolved without an evidentiary hearing as the record demonstrates Petitioner is not entitled to relief.

### III. DISCUSSION

#### A. § 2255 Motion

##### 1. **Ineffective Assistance of Counsel**

###### a. **Legal Standard**

The right to counsel guaranteed by the Sixth Amendment includes the "right to the effective assistance of counsel." Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)(quoting McMann v. Richardson, 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 1449, n. 14, 25 L.Ed.2d 763 (1970)). To successfully challenge a conviction under § 2255 based on

ineffective assistance of counsel, a petitioner must satisfy the two-prong test set forth in Strickland, which requires the petitioner show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) counsel's deficient performance prejudiced the defense. Strickland, 466 U.S. at 688, 692.

The first prong requires that the petitioner show that counsel's performance was deficient by articulating specific acts or omissions that fell "outside the wide range of professionally competent assistance." Id. at 690. However, when reviewing these alleged acts or omissions, courts must give substantial deference to counsel's strategic judgments. Id. at 691. This requires the presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Burt v. Titlow, 571 U.S. 12, 22, 134 S.Ct. 10, 187 L.Ed. 348 (2013)(quoting Strickland, 466 U.S. at 690). The petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Harrington v. Richter, 562 U.S. 86, 104, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011)(quoting Strickland, 466 U.S. at 687)).

To establish prejudice under the second prong, the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, at 694. The petitioner must show that counsel's error worked to his "actual and substantial disadvantage," not merely that it created a "possibility of prejudice." Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997)(quoting Murray v. Carrier, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648 (1986)). The court need not analyze both prongs if petitioner makes "an insufficient showing on one." Debreus v. United States, 2012 WL 3686250, *3 (D.S.C. Aug. 24, 2012)(citing Strickland, 466 U.S. at 697)). Failure to satisfy either prong is fatal to a petitioner's claim. Fields v. Attorney Gen. of Maryland, 956 F.2d 1290, 1297 (4th Cir. 1992)).

### b. Ineffective Assistance of Appellate Counsel

Petitioner's first claim of ineffective assistance of counsel alleges that his personal and corporate assets were improperly frozen without a hearing from the Commodities Future Trading Commission ("CFTC")[4], which violated his due process rights, and that the appointment of a sole attorney to handle his trial failed to guarantee the assistance of counsel. [Doc. 1 at 16-24]. Petitioner claims that the freezing of his assets prevented him from being able to use untainted funds to hire his own counsel. Id. Petitioner alleges that appellate counsel was ineffective for not raising this issue during Petitioner's direct appeal. Id.

To prevail on a claim of ineffective assistance of appellate counsel, the petitioner must show that counsel's representation on appeal was objectively unreasonable and that but for counsel's errors, the petitioner would have prevailed on appeal. Smith v. Robbins, 528 U.S. 259, 285-86, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000). Appellate counsel is not required to raise all non-frivolous issues on appeal, "but rather may select from among them in order to maximize the likelihood of success on appeal." Id. at 288.

Petitioner's claim is without merit and he cannot demonstrate that appellate counsel was deficient for failing to raise this issue on appeal. Petitioner relies upon Luis v. United States, 578 U.S. 5, 136 S.Ct. 1083, 194 L.Ed.2d 256 (2016) in support of his argument that he should have been allowed to use untainted funds to hire his own counsel at trial. However, Petitioner fails to demonstrate that the funds were improperly frozen, that the frozen funds were in fact untainted, or that he was improperly prevented from retaining his own counsel. This claim is conclusory and speculative and unsupported by any appropriate allegations of fact, making it insufficient to

---

[4] Petitioner was the subject of a civil proceeding seeking injunctive relief filed by the Commodities Future Trading Commission ("CFTC")[Doc. 4 at 33].

support any claim of ineffective assistance. See United States v. Dyess, 730 F.3d 354, 364-365 (4th Cir. 2013). Because Petitioner cannot demonstrate that appellate counsel's performance was deficient, he cannot show that but for counsel's failure to raise this issue on appeal, the outcome of the appeal would have been different. As such, this claim is denied.

### c. Failure to Review Discovery

Petitioner argues that his criminal proceeding involved a huge volume of discovery, which predestined his trial counsel to ineffectiveness because it was impossible for her to review all of the necessary discovery materials and prepare adequately for trial. [Doc. 1 at 25-27]. Petitioner claims that trial counsel should have pressed for the appointment of additional counsel and resources or should have withdrawn. Id.

Petitioner's claim that counsel was ineffective for failing to review all discovery is without merit. Petitioner offers nothing more than conclusory and speculative allegations that counsel did not have sufficient time to review the discovery materials and adequately prepare for trial. Petitioner does not specify any particular items of discovery that counsel failed to review nor demonstrate how this rose to the level of deficient performance. This is insufficient for an ineffective assistance of counsel claim. See United States v. Dyess, 730 F.3d 354, 364-365 (4th Cir. 2013)(ineffective assistance claim without merit where petitioner offered only speculative assertions). Petitioner has not met his burden in showing counsel was deficient and that but for the deficient performance, a different outcome would have resulted at trial. As such, this claim is denied.

6

#### d. Failure to Introduce Evidence

Petitioner argues that counsel failed to introduce evidence of the complete transcript of the October 2009 telephone conference call between Petitioner and other hedge fund managers after repeatedly arguing for its relevance and inclusion. [Doc. 1 at 27-32]. Petitioner states that the conference call showed that he was not part of any criminal conspiracy and was vital to establish that he was unaware of any criminal activity by his own company or by the co-defendants. Id. Petitioner states that had the jury heard the entire conference call or read the full transcript, there is a reasonable probability that the jury may have concluded that Petitioner lacked the fraudulent intent necessary for his convictions. [Id. at 30-31].

Petitioner also alleges that counsel was ineffective for failing to introduce the deferred prosecution agreement with CommunityOne Bank, which he claims prevented the jury from learning that CommnityOne Bank had deceived Petitioner. [Doc. 1 at 27]. Petitioner also alleges that counsel should have called CommunityOne Bank officials to testify as to why they chose not to inform Petitioner of the fraud committed by Keith Simmons (founder of the Black Diamond hedge fund) or the system warnings. [Doc. 1 at 32].

Petitioner's claim that counsel was ineffective for failing to introduce these items of discovery is without merit. The conference call included discussions concerning CFTC investigations and the Court had already excluded references to those parallel investigations. [CR Doc. 276 at 60-67]. And Petitioner fails to demonstrate how evidence that CommunityOne Bank did not inform Petitioner of Simmons' fraud would have resulted in a different outcome at trial. The decision-making process concerning the introduction of specific items of evidence at trial is part of a trial counsel's strategy and not ordinarily second-guessed in post-conviction review. See Byram v. Ozmint, 339 F.3d 203, 209 (4th Cir. 2003). Petitioner's claims are conclusory and

7

Case 3:17-cv-00556-RJC   Document 21   Filed 09/30/21   Page 7 of 17

speculative. Petitioner has not met his burden in showing that counsel was deficient and that but for the deficient performance, a different outcome would have resulted at trial. As such, this claim is denied.

### e. Failure to Impeach or Correct False/Misleading Testimony

Petitioner alleges that counsel was ineffective for failing to impeach or correct false/misleading testimony of the prosecution's witness Stephen Lacy, which Petitioner claims falsely tied him to the conspiracy. [Doc. 1 at 32-35]. Petitioner states that trial counsel failed to object when the prosecution had Lacy read a portion of an email discussing the regulators and asked follow-up questions regarding the regulators. Petitioner complains that this line of questioning disregarded the Court's evidentiary ruling of not discussing the parallel CFTC investigations. Id. Petitioner also argues that counsel failed to show that Lacy fabricated a lie about not knowing how Black Diamond's fraudulent earnings mysteriously appeared on his website, that counsel failed to impeach Lacy by confronting him with the false earnings on his website and failed to highlight inconsistencies in his testimony. Id.

Counsel has no obligation to ask every question suggested. Pipkin v. United States, 2015 WL 1810911 (D.S.C. April 20, 2015)(citing United States v. Balzano, 916 F.2d 1273, 1294 (7th Cir. 1990). Decisions regarding the questioning of witnesses relates to tactical decisions made by counsel and should not be second guessed by the Court. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir. 1977). Petitioner's claims that Lacy's testimony was false and/or misleading is conclusory and speculative, and Petitioner fails to show it required counsel to take additional efforts to impeach or cure his testimony. Petitioner cannot establish any deficient performance on part of trial counsel that prejudiced Petitioner and affected the outcome of trial. As such, this claim is denied.

#### f. Failure to Object and Adequately Question Witnesses

Petitioner argues that counsel was ineffective for failing to attack the Government's failure to prove the elements of conspiracy and sufficiency of the evidence that a conspiracy existed. [Doc. 1 at 38-47]. Petitioner also argues that trial counsel failed to introduce evidence that he hired the public accounting firm Norman Jones Enlow & Co. in 2009 to conduct an audit of the hedge funds and found no evidence of fraud. Id.

This claim of ineffective assistance of counsel is without merit. Petitioner's allegations are conclusory and speculative, and Petitioner cannot show that counsel was deficient with regard to attacking the prosecution's presentation of evidence during trial or that counsel was deficient for failing to present evidence of the accounting firm. The Court notes that trial counsel did move for a judgment of acquittal which was denied. [Doc. 275 at 225]. And Petitioner cannot show how evidence of the accounting firm audit would have affected the outcome of trial in light of the "overwhelming evidence that [Petitioner] and his co-conspirators solicited funds by intentionally misleading investors..." United States v. Davey, 661 Fed. Appx at 244. Petitioner fails to meet his burden under Strickland and therefore, this claim is denied.

#### g. Failure to Argue Improper Venue

Petitioner argues that counsel was ineffective for failing to argue that venue in the Western District of North Carolina was improper. [Doc. 1 at 48-52]. Petitioner states that the conduct surrounding the filing of his tax return took place only in Ohio and the tax evasion charge had nothing to do with the conspiracy charges (which he admits did have a nexus with North Carolina). [Doc. 1 at 47-50]. Petitioner also claims that the property for which he used the loan was located in Ohio and the company in which he used to hold title of the property was located in Ohio. [Doc.

9

1 at 48-49]. Petitioner claims that counsel's failure to challenge venue caused him to be tried and convicted in an improper venue. Id.

This claim of ineffective assistance of counsel is without merit. Petitioner cannot show that venue in the Western District of North Carolina was improper. Under 18 U.S.C. § 3237(a), "[i]f an offense takes place in multiple districts, venue is proper in any district in which it began, continued, or was completed." Jones v. United States, 2016 WL 10575171, *4 (E.D. Va. September 6, 2016); 18 U.S.C. §3237(a). The indictment alleged venue was proper in the Western District of North Carolina, including that Petitioner lied to IRS and FBI agents in the Western District and that Black Diamond funds were transferred from Western District of North Carolina. [CR Doc. 1 at ¶123-124]. Because venue was appropriate in the Western District of North Carolina, Petitioner cannot establish that counsel was ineffective for failing to challenge venue as improper or that Petitioner suffered prejudice as a result of counsel's failure to object. As such, this claim is without merit and denied.

### 2. Prosecutorial Misconduct

#### a. Legal Standard

To establish prosecutorial misconduct, the movant must show (1) that the prosecutor's remarks or conduct was improper and (2) such actions prejudicial affected the movant's substantial rights so as to deprive them from a fair trial. United States v. Mitchell, 1 F.3d 235, 240 (4th Cir. 1993)(citing United States v. Brockingham, 849 F.2d 872, 875 (4th Cir. 1988)). The court must determine whether the alleged misconduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." United States v. Scheetz, 293 F.3d 175 (4th Cir. 2002)(citing United States v. Morsley, 64 F.3d 907, 913 (4th Cir. 1995)).

### b. Suppression of Evidence

### i. October 2009 Conference Call

Petitioner alleges that the prosecution committed misconduct by suppressing the full transcript of the October 2009 conference call between Petitioner and other hedge fund managers and misled the Court as to its exculpatory value. [Doc. 1 at 54].

Under Brady v. Maryland, the prosecution has an affirmative duty to disclose evidence that is favorable to the defendant and "material either to guilt or punishment." Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Evidence is deemed "material" if the failure of the prosecution to disclose it "undermines confidence in the outcome of the trial." United States v. Bagley, 473 U.S. 667, 678, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." Id. at 682.

To prove a Brady violation, a defendant must "show that the undisclosed evidence was (1) favorable to him either because it is exculpatory, or because it is impeaching; (2) material to the defense, *i.e.*, 'prejudice must have ensued'; and (3) that the prosecution had materials and failed to disclose them." United States v. Wilson, 624 F.3d 640, 661 (4th Cir. 2010). However, where the exculpatory information is not only available to the defendant but also lies in a source where a reasonable defendant would have looked, there can be no Brady violation. United States v. Wilson, 901 F.2d 378, 381 (4th Cir. 1990); Fuller v. United States, 2018 WL 3398129, at *4 (E.D. Va. July 11, 2018). Brady "does not compel the disclosure of evidence available to the defendant from other sources, including diligent investigation by the defense." Stockton v. Murray, 41 F.3d 920, 927 (4th Cir.1994).

Petitioner cannot establish prosecutorial misconduct or any Brady violation committed by the prosecution with respect to the transcript of the October 2009 conference call. The record

11

reflects that Petitioner recorded the call himself and was in possession of the transcript of the call. His counsel also moved to introduce the entire call at trial. [CR Docs. 172, 173]. Because Petitioner was in possession of this information and nothing was withheld from Petitioner by the prosecution, the prosecution cannot have committed any Brady violation. To the extent that Petitioner takes issue with the Court's evidentiary ruling concerning what portions of the call could be presented to the jury, Petitioner is procedurally barred from raising this issue in his §2255 proceeding. As such, Petitioner is not entitled to the requested relief.

### ii. Prosecution Agreement

Petitioner alleges the prosecution failed to disclose its deferred prosecution agreement with CommunityOne Bank. [Doc. 1 at 74-75].[5] Petitioner claims this was exculpatory information and probative of whether he was aware of the fraud committed by Keith Simmons, founder of a hedge fund called "Black Diamond". [Doc. 1 at 74-75; Doc. 4 at 2]. Respondent argues that because the prosecution agreement was public information and made available to the public,[6] the prosecution could not have committed any Brady violation. [Doc. 4 at 26].

Petitioner cannot establish prosecutorial misconduct or any Brady violation committed by the prosecution as to the deferred prosecution agreement with CommuntyOne Bank. This information was publicly available, and Petitioner cannot show that he was unable to obtain this information. Petitioner also fails to show that the prosecution agreement was exculpatory. As such, Petitioner is not entitled to the requested relief.

---

[5] CommunityOne Bank admitted to failing to maintain an effective anti-money laundering program as required by the Bank Secrecy Act and failing to file Suspicious Activity Reports. [Doc. 19 at 33, n. 10].
[6] Respondent cites to a publicly available news article and press release regarding the deferred prosecution agreement. [Doc. 19 at 34].

### c. Presenting False/Misleading Evidence

Petitioner makes numerous assertions against the prosecution for allegedly presenting false/misleading evidence. [Doc. 1 at 58-73]. A government may not use false evidence or false testimony to secure a conviction. Napue v. Illinois, 360 U.S. 264, 269, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959). When a petitioner alleges the prosecution used false testimony, he or she must show 1) that the testimony at issue was false; 2) that the prosecution knew or should have known of its falsity; and 3) that a reasonable probability exists that the false testimony may have affected the verdict. United States v. Basham, 789 F.3d 358, 376 (4th Cir. 2015).

Petitioner alleges the prosecution solicited testimony at odds with the Court's ruling excluding reference to the CFTC proceedings by questioning witness Stephen Lacy (hedge fund manager) about the fact that no one had initiated a regulatory investigation. [Doc. 1 at 58]. Petitioner claims that Lacy's testimony was false because it misled the jury into believing no investigation had taken place and that he and Petitioner were afraid to contact the CFTC out of fear of being exposed. Id. Petitioner next claims that the prosecution improperly proffered misleading testimony from William Putinas, an investigator with the Ohio Division of Securities, who testified that Petitioner refused to discuss Safe Harbor Wealth Investments, Inc., an inactive registered investment firm of Petitioner. [Doc. 1 at 59-60]. Petitioner contends Putinas' testimony left the jury with the impression that Petitioner refused to be investigated because he was hiding something. Id.

Petitioner also accuses the prosecution of improperly eliciting false testimony from witnesses Stephen Lacy, Lynn Wymer, and Tyiesha Nixon [Doc. 1 at 61-73]. Petitioner claims that Lacy's testimony was "replete with lies and misrepresentations" and sets forth a laundry list of alleged falsities attributed to Lacy during his testimony. [Doc. 1 at 61-66]. Petitioner claims

13

that Wymer's testimony was "materially false and deceptive" and that the prosecution proffered false testimony intended to misrepresent the veracity of the "zero audits" Petitioner instructed Wymer to perform concerning St. Croix Partners 1 LP and accuses the prosecution of misleading the jury about these audits. [Doc. 1 at 67-68]. Petitioner claims that the testimony and exhibits of IRS agent Nixon provided false and misleading information. [Doc. 1 at 70-73]. Petitioner takes issue with labeling and descriptions of the exhibits used during Nixon's testimony and Nixon's explanations of the information contained in the exhibits. Id.

Petitioner's allegations against the prosecution are conclusory and unsupported. The Court finds that Petitioner has not presented any credible evidence to meet his burden in demonstrating the prosecution relied upon false or misleading testimony, that the testimony was in fact false or misleading, and that the prosecution knew it to be false or misleading. Petitioner cannot show that the prosecution's questioning of Lacy violated the Court's ruling with regard to the CFTC proceedings. The prosecution's questions regarding Lacy's knowledge and actions were not improper and did not violate the Court's evidentiary rulings. As to witness Putinas, Petitioner's claim that the prosecution improperly proffered misleading testimony is unsupported. Petitioner presented his argument to the Court regarding Putinas' proffered testimony and was heard on the matter. The prosecution's line of questioning of Putinas was relevant and proper and not in violation of the Court's evidentiary ruling. [See CR Doc. 275 at 130].

Petitioner's assertions that the testimony from Lacy, Wymer, and Nixon was filled with lies and misrepresentations is also conclusory and without any sufficient basis to show the prosecution elicited false or misleading testimony in order to secure Petitioner's conviction. The prosecution appropriately questioned the witnesses regarding their knowledge of the issues and the witnesses were thoroughly cross examined before the jury, allowing the jury to make the

14

necessary determinations regarding the witnesses' credibility. Petitioner cannot show there exists a reasonable probability that the prosecution used false or misleading testimony that may have affected the verdict. Witness testimony is not false or misleading just because Petitioner disagrees with its substance. Petitioner fails to meet his burden to establish any misconduct on part of the prosecution. As such, this claim is denied.

B.   **Motion to Provide Trial Audio File**

Petitioner has filed a Motion to Provide Trial Audio File seeking a copy of the "audio file from his criminal trial." [Doc. 11]. Petitioner alleges that the official written transcript excludes prejudicial statements concerning Petitioner's guilt made by the Court in connection with ruling on a motion in limine. Petitioner claims that he needs the audio file to prove that the prejudicial statements were made and accuses the Court of biased rulings. Id. The Respondent opposes the motion on grounds that the information sought is irrelevant to Petitioner's § 2255 motion to vacate. [Doc. 13].[7]

Pursuant to the Court Reporter Act, 28 U.S.C. § 753, a certified transcript "shall be deemed prima facie a correct statement of the testimony taken and proceedings had." 28 U.S.C. § 753(b). The Act requires verbatim recording of court proceedings by shorthand, mechanical, electronic sound recording, or other approved means. Id. Such notes must be preserved as public records for at least ten years and available for inspection during clerk's office hours by any person. Id. "[A]udiotapes that merely back up the court reporter's stenographic record" are the "personal property of the reporter" and are not "judicial records, unless some reason is shown to distrust the accuracy of the stenographic transcript." U.S. v. Davis, 648 F. App'x 295, 297 (4th Cir.

---

[7] Petitioner filed a Reply to the Response, within which includes a request that the undersigned recuse himself. This request is not filed as a proper motion, fails to comply with the requirements of 28 U.S.C. § 144, and sets forth no basis for recusal. As such, this request is denied.

15

2016)(citing Smith v. U.S. Dist. Court Officers, 203 F.3d 440, 441-442 (7th Cir. 2000)). A defendant does not have a right of access to such back-up recordings absent a showing sufficient "to distrust the accuracy of the stenographic transcript." Id. However, a defendant's mere assertions of transcript error are insufficient to overcome the presumption of the accuracy of a certified transcript. See U.S. v. Smith, 2013 WL 12143966, *1 (E.D. Va. April 8, 2013)(citing U.S. v. Riggs, 2012 WL 10287, *1 (W.D. Va. January 3, 2012; Williams v. Spring/United Mgmt. Co., 2008 WL 5377839, *1 (D.Kan. December 19, 2008)).

The court reporter certified pursuant to 28 U.S.C. § 753 that the trial transcript is "a true and correct transcript of the stenographically reported proceedings." [CR Doc. 278 at 76]. Petitioner has provided nothing to support his conclusory and unsubstantiated assertion that the Court made prejudicial statements that were not properly recorded in the transcript. Petitioner's failure to provide anything more cannot overcome the presumption that the certified transcript is accurate. Petitioner's request for the audio file also has no relevance to the claims raised in his § 2255 motion. As such, Petitioner's request is denied.

### C. Emergency Motion for Release Pending Habeas

Petitioner has filed an "Emergency Motion for Release Pending Habeas," seeking release from custody pending disposition of his § 2255 motion to vacate. [Doc. 16]. Petitioner states that due to the COVID-19 outbreak at his institution, he is at increased risk of death or serious illness due to his age, hypertension, and body mass index. Id.

As this Order disposes of Petitioner's § 2255 motion to vacate, this request is denied as moot.

16

## IV. CONCLUSION

For the reasons set forth above, the Court denies Petitioner's Motion to Vacate Sentence and Convictions [Doc. 1].

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate Sentence and Convictions [Doc. 1] is **DENIED**.
2. Petitioner's Motion to Provide Trial Audio File [Doc. 11] is **DENIED**.
3. Petitioner's Emergency Motion for Release Pending Habeas [Doc. 16] is **DENIED**.
4. Respondent's Motion to File a Supplemental Response to Petitioner's Motion to Vacate [Doc. 18] is **GRANTED**.
5. This Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: September 30, 2021

Robert J. Conrad, Jr.
United States District Judge